# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

FRANK CUSHENBERRY AND ROBIN
CUSHENBERRY, INDIVIDUALLY
AND ON BEHALF OF THE MINOR
CHILDREN, NOAH CUSHENBERRY
AND KHLOE CUSHENBERRY

VERSUS

JOHNNY SCOTT AND BARBER
BROTHERS CONTRACTING
COMPANY, LLC LOUISIANA

CONSOLIDATED WITH

BARBER BROTHERS CONTRACTING
COMPANY, LLC

VERSUS

CAPITOL CITY PRODUCE
COMPANY, LLC, FRANK
CUSHENBERRY AND XYZ
INSURANCE COMPANY

NO. 2021 CW 0003

**JANUARY 6, 2021**

---

In Re:    Barber Brothers Contracting Company, LLC, applying for
supervisory writs, 19th Judicial District Court,
Parish of East Baton Rouge, No. 674957 c/w 672217.

---

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT DENIED.**

**AHP**

**McDonald and Holdridge, JJ.**, concur in the result. At this stage of the proceedings, the proper procedural remedy would be for the defendant to request a motion for directed verdict, La. C.C.P. art. 1810, after the close of the plaintiffs' case if the plaintiffs fail to prove any of their causes of action. However, we disagree that a partial exception of no cause of action cannot be granted. Prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1239 (La. 1993). However, in 1997, the legislature authorized a partial judgment that "sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. C.C.P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, **Louisiana Civil Law Treatise; Civil Procedure**, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008). We are aware that although La. C.C.P. art. 1915(B)(1) would appear to authorize a judgment granting only a partial exception of no cause of action, this court has not interpreted the clear and unambiguous language of La. C.C.P. art. 1915(B)(1) in this manner. See **Expert Riser Solutions, LLC v. Techcrane International, LLC**, 2018-0612 (La.

App. 1 Cir. 12/28/18), 270 So.3d 655, 663; **State, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 50-51 (Holdridge, J., concurring), writ denied, 2018-00766 (La. 9/21/18), 252 So.3d 899, and writ denied sub nom. **State, by and through Caldwell v. AstraZeneca AB**, 2018-0758 (La. 9/21/18), 252 So.3d 904. However, legislation, and not jurisprudence, is a solemn expression of legislative will. La. C.C. art. 2. Therefore, this court has the authority to grant a partial exception raising the objection of no cause of action.

COURT OF APPEAL, FIRST CIRCUIT

_DEPUTY CLERK OF COURT_
FOR THE COURT